IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cr-493-B |
| RICHELE NICKI MYLES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO
CONTINUE PRETRIAL RELEASE PENDING SENTENCING**

Defendant Richele Nicki Myles filed an Unopposed Motion to Continue Pretrial Release, *see* Dkt. Nos. 33 & 34, which United States District Judge Jane J. Boyle has referred to the undersigned magistrate judge for hearing, if necessary, and determination, *see* Dkt. No. 36. The government is unopposed to Defendant's request to remain on pretrial release pending sentencing. *See* Dkt. Nos. 29 & 33. Under the circumstances presented, and based on the parties' filings, the undersigned determines that Defendant's motion can be resolved without the need for a hearing.

Defendant pleaded guilty to, and has been adjudged guilty of, a single count of Possession of a Firearm and Dangerous Weapon in a Federal Facility in violation of 18 U.S.C. § 930(b) and is set for sentencing before Judge Boyle on December 11, 2014. *See* Dkt. Nos. 27, 29, 31, & 37. Defendant asserts that the Court should order that she remain in a pretrial release status pending sentencing even if it does consider her offense a crime of violence because (1) exceptional circumstances exist to warrant release and (2) she does not pose a danger to any person or the community if released.

-1-

*See* Dkt. No. 33.

## Legal Standards and Analysis

18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because 18 U.S.C. § 3142(f)(1)(A) includes within its scope "a crime of violence" and the violation of 18 U.S.C. § 930(b) to which Defendant has pleaded guilty is a "crime of violence" under 18 U.S.C. § 3156(a)(4).

Section 3156(a)(4) defines a "crime of violence" for purposes of 18 U.S.C. §§ 3142 and 3143 as "(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or (C) any felony under chapter 109A, 110, or 117." 18 U.S.C. § 3156(a)(4). To qualify as a "crime of violence" under Section 3156(a)(4)(B) "that, by its nature, involves a substantial risk that physical force against the person or property

of another may be used in the course of committing the offense," the Court looks to "the crime itself, not the particular facts and circumstances of the case." *United States v. Boyett*, Cr. No. 06-30026-01, 2007 WL 2848037, at *2 (W.D. La. Sept. 24, 2007). Similarly, 18 U.S.C. § 3156(a)(4)(A) directs the Court to determine whether the offense of conviction "has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another."

Here, as reflected in Defendant's Factual Resume, the elements of Defendant's offense under 18 U.S.C. § 930(b) are: "*First:* That the defendant possessed or caused to be present a firearm or other dangerous weapon; *Second:* in a federal facility; *Third:* the defendant did so knowingly; and *Fourth:* the defendant did so with the intent that the firearm or other dangerous weapon be used in the commission of a crime." Dkt. No. 23 at 1. Regardless whether a Section 930(b) offense involves as an element the attempted use or threatened use of physical force against the person of another, Defendant has pleaded guilty to the essential elements of knowingly possessing or causing to be present a firearm or other dangerous weapon in a federal facility with the intent that the firearm or other dangerous weapon be used in the commission of a crime. Defendant's offense of conviction, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

Because Defendant has, on a guilty plea, now been adjudged guilty of Possession of a Firearm and Dangerous Weapon in a Federal Facility in violation of 18 U.S.C. § 930(b), *see* Dkt. No. 37, Defendant must be detained pursuant to 18 U.S.C. § 3143(a)(2)

unless she meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c).

Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). In the Report and Recommendation Concerning Plea of Guilty, the undersigned noted that the government does not oppose Defendant's release pending sentencing and found that Defendant "has been compliant with the current conditions of release" and "by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if released and should therefore be released under § 3142(b) or (c)." Dkt. No. 29. Judge Boyle has now accepted that recommendation. *See* Dkt. No. 37.

In light of those findings, the only issue for the undersigned to resolve on Defendant's motion is whether Defendant meets the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant's motion invokes 18 U.S.C. § 3145(c), which provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the undersigned's Report and Recommendation Concerning Plea of Guilty [Dkt. No. 29], Section 3145(c) provides an

alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

But the Court need not determine whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate," 18 U.S.C. § 3145(c), because Section 3143(a)(2)(A)(ii) permits a defendant's release pending sentencing where "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," 18 U.S.C. § 3143(a)(2)(A)(ii). Defendant's Plea Agreement includes a non-binding, Federal Rule of Criminal Procedure 11(c)(1)(B) sentencing agreement "that a term of probation of [] not less than one year nor more than five years, the exact terms of which are related conditions are left to the discretion of the Court, is sufficient punishment for this offense and that such is the appropriate disposition of this case." Dkt. No. 22 at 3.

Accordingly, Defendant is eligible for release pending sentencing under 18 U.S.C. § 3143(a)(2) because an attorney for the Government has recommended that no sentence of imprisonment be imposed on Defendant and the Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community if released pending sentencing.

**Conclusion**

Defendant's Unopposed Motion to Continue Pretrial Release [Dkt. 33] is GRANTED. Defendant is ORDERED to remain on release, subject to the Court's December 11, 2013 Order Setting Conditions of Release [Dkt. No. 6], pending Defendant's sentencing.

SO ORDERED.

DATED: September 9, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE